CHRISTEN, Circuit Judge,
concurring in part and dissenting in part:
I concur in the court’s holding with respect to the two deficiencies that formed *990 the basis of the $500 per day penalty sustained by the Department of Health and Human Services Appeals Board. But because the court’s holding as to the unre-viewed deficiencies accords with neither our statutory jurisdiction nor with well-established principles of judicial review, I respectfully dissent from Part C of the court’s analysis.
The skilled nursing facility provisions of the Medicare Act provide: “[T]he Secretary may impose a civil money penalty in an amount not to exceed $10,000 for each day of noncompliance. The provisions of section 1320a-7a of this title (other than subsections (a) and (b)) shall apply to a civil money penalty....” 42 U.S.C. § 1395i—3(h)(2)(B)(ii)(I). Section 1320a-7a(e) gives this court original jurisdiction over appeals from the Secretary’s decision to impose a civil money penalty.[1]
In its decision in this case, the Board concluded, consistent with its prior decisions, that neither it nor the ALJ was required to address noncompliance findings not material to the penalty imposed. The court concludes that unreviewed deficiencies were in fact material to the Board’s decision to uphold the $500 per day penalty. In reaching this conclusion, the court relies on the fact that the Board used unreviewed 'deficiencies from 2005 and 2007 surveys to support the penalty imposed.[2] But Plott does not contest the Board’s reliance on the 2005 or 2007 deficiencies. Instead, Plott challenges the agency’s refusal to review or dismiss all of the deficiencies identified in the September 2008 survey. The Board clearly did not rely on the 2008 unreviewed deficiencies in upholding the $500 per day penalty, and our jurisdiction is limited to reviewing the Board’s decision with respect to that penalty.
The court overlooks our lack of jurisdiction and directs the agency to review or dismiss all of the 2008 unreviewed deficiencies. The court points out that the agency might use these deficiencies to determine the reasonableness of a penalty in a later proceeding. I agree that the agency’s practice of using unreviewed deficiencies from prior surveys to support a later penalty is troubling. If Plott had asked our panel to review this practice by contesting the Board’s reliance on the unreviewed deficiencies from 2005 and 2007, I might have concluded that the agency’s practice is impermissible. But Plott waived this challenge by failing to raise it in its briefing. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999).
*991 The court argues it is preferable to force the agency to review all of the 2008 deficiencies now, in case they are used to support a penalty later, because review will be easier and more reliable now. But this court’s subject matter jurisdiction is defined by Congress, and here, Congress has specified that we may directly review only the Board’s penalty determination. See 42 U.S.C. § 1320a-7a(e). This court is not at liberty to expand its jurisdiction so that we may effect what, in our view, is sound policy. See Keene Corp. v. United States, 508 U.S. 200, 207, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (“Congress has the constitutional authority to define the jurisdiction of the lower federal courts, and, once-the lines are drawn, limits upon federal jurisdiction ... must be neither disregarded nor evaded.” (citation and internal quotation marks omitted)).
The court raises the spectre that, absent its holding, the only means Plott would have to challenge the unreviewed 2008 deficiencies would be to wait until they are used to support a penalty. But at oral argument, counsel for the agency suggested that if Plott has a due process claim stemming from the unreviewed deficiencies, Plott could bring an action in district court. See Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 19-20, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000); see also 5 U.S.C. § 704. I do not opine on whether such a challenge would be successful, but the parties do not dispute that Plott has a forum, and if Plott disagreed with the district court’s decision, it could then properly appeal to our court.
The wisdom of jurisdictional and waiver rules is that they prevent courts from overreaching. Because: (1) Plott did not raise the issue of the Board’s reliance on the 2005 and 2007 unreviewed deficiencies; (2) the issue of whether the agency might rely on the unreviewed 2008 deficiencies to support a future penalty is not ripe; and (3) our jurisdiction under 42 U.S.C. § 1320a-7a(e) is limited to reviewing the $500 per day penalty assessment, I would leave the question of the propriety of the agency’s use of unreviewed deficiencies for another day. The court instead requires that the agency change its procedures wholesale. As a result, it may become more difficult for the agency to ensure the safety of our nation’s many skilled nursing facilities. Either the agency will have to devote much more time and energy to adjudicating deficiencies on which no penalty is based, or the agency will have to dismiss all such deficiencies. This result may be a good thing in the long run, or it may be a bad thing—it is hard to tell because the agency has not had an adequate opportunity to defend its procedures in this appeal.
I respectfully dissent from Part C of the court’s analysis.

. The Medicare Act gives federal district courts original jurisdiction over appeals from most determinations by the Secretary of Health and Human Services. See 42 U.S.C. § 1395cc(h)(l)(A) (referencing 42 U.S.C. § 405(g)). Only civil money penalty assessments are directly appealable to a circuit court. See 42 U.S.C. § 1395i-3(h)(2)(B)(ii)(I) (referencing 42 U.S.C. § 1320a-7a); Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 8, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000); Sunshine Haven Nursing Operations, LLC v. U.S. Dep’t of Health & Human Servs., Ctrs. for Medicare & Medicaid Servs., 742 F.3d 1239, 1249 (10th Cir.2014) ("[0]ut of all the remedies the Secretary may impose, Congress has specified that challenges to [civil money penalties], not challenges to other noncompli-anee remedies, may go directly to a circuit court under 42 U.S.C. § 1320a-7a(e).”).

. The Medicare Act and applicable regulations require the Secretary to impose more severe fines for repeated deficiencies. See 42 U.S.C. § 1395i-3(h)(2)(B)(iii) (“The Secretary shall specify criteria, as to ... the amounts of any fines.... Such criteria ... shall provide for the imposition of incrementally more severe fines for repeated or uncorrected deficiencies.”); 42 C.F.R. § 488.438(f) ("In determining the amount of penalty, CMS does or the State must take into account the following factors: (1) The facility’s history of noncompliance, including repeated deficiencies. ... ”).